Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
SUPERIOR COURT

CLERK OF COURT

BY:_____

HUGH L. SULE,

                Plaintiff,

vs.

COMPUTERSMART COMPANY, MICRO
OF MICRONESIA, CO. dba MEGABYTE,
GUAM OMNI CO. LTD., JOSEPH M.
SLOMKA, and MANOUCHERHR SABETI,

                Defendants.

Civil Case no. CV0279-11

**DECISION AND ORDER**
re: Attorney's fees as damages

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on Plaintiffs' hearing regarding damages on October 3, 2012. The Plaintiff was represented by Attorney Jeffrey A. Cook. On May 18, 2011, default was entered against Defendant Computersmart, Micro of Micronesia Co., dba Megabyte, and Slomka. Defendant Sabeti and Omni consented to a stipulated judgment on March 22, 2012. After considering the matters presented, the Court finds Defendant Computersmart, Micro of Micronesia Co., dba Megabyte, and Slomkas committed fraud and are liable to the Plaintiffs for damages. The Court also hereby GRANTS Plaintiffs motion for attorneys fees as damages and awards punitive damages.

## BACKGROUND

The instant action arises out of a complaint for quiet title and damages. Defendant Computersmart is the successor of Defendant Micro of Micronesia, CO. dba Megabyte

ORIGINAL

("Micro"). Defendant Slomka is the President and majority shareholder for both Defendant Computersmart Company and Defendant Micro.

Plaintiff owns in fee simple a parcel of real property situated in Guam, and more particularly described as follows: Lot No. 13, Block No. 2, Tract No. 2832, Municipality of Talofofo, Guam, as said lot is marked and designated on Drawing No. CC-9405T, as L.M. Check No. 234 FY 94, as described in that Resubdivision Survey Map, dated March 25, 1994, and recorded April 21, 1994, at the Department of Land Management, Government of Guam, under Instrument No. 507132. Registered land. Certificate of Title No. 938818 (Basic Lot 7-1-1NEW-R2) & CT No. 94428 (Basic Lot 7-1-1NEW-R3) (hereafter referred to as the "property").

On or about March 6, 2003, Plaintiff sold all of his capital stock to Defendant Micro. The consideration for this sale was Five Thousand Dollars ($5,000.00) and a Warranty Deed transferring the property to Plaintiff. Plaintiff acquired and recorded his interest in the property on March 20, 2003, under Instrument No. 671443. On March 8, 2005, Defendant Omni acquired a purported interest in the property from Defendant Sabeti by Quitclaim Deed and recorded his interest under Instrument No. 705028. At the same time, Defendant Computersmart acquired a purported interest by a Warranty Deed from Defendant Omni and recorded on March 8, 2005 under Instrument No. 705629.

On or about June 8, Plaintiff investigated mortgaging the property to pay certain obligations and obtained an Owners Encumbrance Report ("OER") stating Defendant Computersmart was the last grantee of the property. On February 9, 2011, Plaintiff filed a Complaint for quiet title as a means to obtain marketable title and to be able to mortgage the property. On May 18, 2011, Plaintiff filed a memorandum re: attorney's fees as damages on

ORIGINAL

October 3, 2012. Defendants did not file anything to oppose this motion. The Court hereby issues its decision and order GRANTING Plaintiff's motion for attorneys fees as damages.

## DISCUSSION

In the instant action, Plaintiff seeks for an action to quiet title over the property and to establish title against Defendants. Based on the OER, Defendant Sabeti and Slomka conveyed the property to Plaintiff by Warranty Deed in March 2003. However, two (2) years later in March 2005, Defendant Sabeti conveyed a purported interest in the property to Defendant Omni through Quitclaim Deed. On or about the same time, Defendant Omni conveyed the property by Warranty Deed to Defendant Computersmart. The conveyance made in March 2005 by Defendant Sabeti was by Quitclaim Deed, therefore Defendant Omni only received whatever interest Defendant Sabeti had at the time. The Court finds the second conveyance in 2005 by Defendant Sabeti conveyed no interest because he had already conveyed his interest to Plaintiff in 2003. Therefore, the most recent conveyance made to Defendant Computersmart also conveyed no interest. Accordingly, the Court finds Plaintiff paid consideration for the exchange and owns the property in fee simple.

Plaintiff seeks for punitive damages which have resulted from Plaintiff's inability to sell or mortgage the property caused by the cloud on the property's title resulting from Defendant's intentional bad acts. Plaintiff is unable to obtain valuations for the companies and the Defendant Slomka's interests therein, therefore alternatively Plaintiffs request for the Court to award punitive damages based on Mr. Slomka's interest, estimated to be about One Hundred Thousand Forty Five Thousand Dollars ($145,000.00) based on the Government of Guam's appraised valuation, in the Sinajana property. In addition, Plaintiff requests the Court to award special damages for the loss value to the Talofofo lot, ten percent (10%) of Defendant Slomka's interest in the Sinajana property or Fourteen Thousand Five Hundred Dollars ($14,500.00) as

ORIGINAL

punitive damages for his bad acts. As for the loss of value to Plaintiff's Talofofo lot based on the slander of title, Plaintiffs requests for Thirty Nine Thousand Dollars ($39,000.00) for loss of value suffered based on the 2006 value of Seventy Two Thousand Dollars ($72,000.00) and the 2012 value of Thirty Three Thousand Dollars ($33,000.00).

Punitive damages are awardable in the discretion of the lower court. *See Fleming v. Quigley*, 2003 Guam 4, *See also* 20 G.C.A. § 2120 (1992) ("In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the Plaintiff, in addition to the actual damages, may recover damages for the sake of example by way of punishing the defendant.") Thus, punitive damages are traditionally awarded, in absence of a breach of contract, where there is evidence of malice, oppression, and fraud. Based on the Plaintiffs testimony during the hearing on July 9, 2012, the Court finds Plaintiff have established Slomka guilty of fraud. Defendant Slonka purported himself to be a licensed real estate broker and agent and persuaded Plaintiff he would help sell the property for no less than One Hundred Thousand Dollars ($100,000). Subsequently in 2005, Plaintiff discovered through a chain of title report that Defendant Slonka conveyed the property to Defendant Computersmart. Defendant Slomka never asked Plaintiff if he could use the property as security for a loan. As a result, Plaintiff has incurred costs and fees as a means to clear title and sell the property. Due to the fraud found on part of Defendant Slomka, the Court grants Plaintiffs request for punitive damages. The Court awards Plaintiff punitive damages at ten percent (10%) of the actual damages incurred in the amount of Three Thousand Nine Hundred Dollars (10% (39,000.00)) = 3,900.00).

Now, the next question before the Court is the issue of attorneys fees. Guam law follows the American Rule which generally does not grant attorneys fees in absence of contractual or statutory provision *Fleming v. Quigley,* 2003 Guam 4, ¶7. Title 20 G.C.A. §2225

governs remedies for breach of obligation other than contract and states as follows:

> "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provides by Titles 13, 14, 18, 19, 20, and 21 of this Code, is the amount which will compensate for all the *detriment proximately caused* thereby, whether it could have been anticipated or not"

This statute was derived from California Civil Code §3333. In *Contra Costa County Title Company v. Waloff*, 184 Cal. App. 2d 59, 67-68, 7 Cal. Rptr. 358, 363-64 (1960), the California Court reasoned in suits to recover damages for malicious prosecution, the sums spent by Plaintiff to defend the original unfounded lawsuit are recoverable.

Plaintiff submits actions for slander of title are analogous to malicious prosecution suits. Attorney's fees necessarily paid therein are special damages. In the instant case, Plaintiff was forced to seek court intervention to clear a wrongfully clouded title caused by Defendant's actions, therefore Plaintiff should be awarded reasonable attorneys fees as damages. Plaintiff will submit the appropriate Exhibits for the Court to determine what is reasonable in the instant matter. Therefore, the Court finds Defendant Computersmart, Micro of Micronesia, Co. dba Megabyte, and Slomka liable for reasonable attorneys fees in the instant matter.

ORIGINAL

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion for punitive damages and attorneys fees. The Court finds Defendant Computersmart, Micro of Micronesia, Co. dba Megabyte, and Slomka are guilty of fraud, therefore are liable for punitive damages of Three Thousand Nine Hundred Dollars ($3,900.00) and reasonable attorneys fees.

SO ORDERED, this 3/ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

FEB 0 1 2013

ORIGINAL